CALIFORNIA STATE BREWERS' INSTI-
TUTE et al. v. INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, STABLEMEN AND
HELPERS et al.

No. 4058-R. -

District Court, N. D. California, S. D.
June 25, 1937.

E. R. Hoerchener and Brobeck, Phleger
& Harrison, all of San Francisco, Cal., for
plaintiffs.

Mathew O. Tobriner, of San Francisco,
Cal., for International Brotherhood of
Teamsters, etc.

W. H. Metson and G. Raymond Dough-
erty, both of San Francisco, Cal., for In-
ternational Union of United Brewery
Workers.

ROCHE, District Judge.

This is a suit in equity brought by the
plaintiffs the California State Brewers' In-
stitute, an association of employers, asking
the court for a declaratory judgment and
injunctive relief and to determine whether
it should recognize, negotiate, and collec-
tively bargain with defendant International
Union of United Brewery Workers or de-
fendant International Brotherhood of
Teamsters as the representatives of the driv-
ers of beer trucks with respect to wages,
hours, and working conditions. The matter
hinges upon a jurisdictional dispute between
the two unions.

Each of the unions entered into certain
contracts with the employers. The earlier
contracts of the International Union of
United Brewery Workers with the brewers
have long since expired and are no longer
pertinent. The 1936 contract of the In-
ternational Brotherhood of Teamsters and
the brewers has likewise expired and is not,
therefore, decisive in this matter.

Petitioner and defendant Internation-
al Union of United Brewery Workers has
asked that the court hold that this jurisdic-
tional dispute be determined by the National
Labor Relations Board under the National
Labor Relations Act (29 U.S.C.A. § 151 et
seq.). It is, however, the declared policy
of Congress, as expressed in that act, to
protect the "exercise by workers of full
freedom of association, self-organization,
and designation of representatives of their
own choosing." Section 1 (29 U.S.C.A. §
151). Such freedom of association and self-
organization includes self-management and
self-discipline. The two unions here in-
volved are members of the American Feder-
ation of Labor. The National Labor Rela-
tions Board, in all cases which have arisen
concerning jurisdictional disputes between
members of the same labor organization,
has held that such dispute must be decided
by that labor organization itself. This court
holds that the National Labor Relations
Board has, in this respect, properly inter-
preted the act.

Decisions reached by labor unions ac-
cording to their own constitution and by-
laws of procedure are not to be invalidated
by a court of law, provided that all parties

have had an opportunity to be heard, that the decision has not been arbitrary, and that the fundamental law of the association has not been violated. A court of law will, therefore, not interfere with the decision of the American Federation of Labor, with its internal organization, or with the method of its making or enforcing its awards. The court recognizes the right of the American Federation of Labor to adjust jurisdictional disputes. The settlement of such controversies and the enforcement of such decisions is clearly the function of the Federation. That higher body to which these two labor organizations belong, and of which they are members, must determine this matter and render and enforce a binding decision between them, and agreements reached recognizing the American Federation of Labor decisions would be valid and binding on the parties should such agreements be reached.

Although petitioner asks for declaratory relief, the court has already pointed out that there is no contract now existing between the parties; that the National Labor Relations Act is not to be invoked by this court to decide this kind of a dispute; that the proper tribunal for such decision is the labor organization of which these two defendants are constituent members.

For the foregoing reasons, it is ordered that the bill of complaint of the California State Brewers' Institute, an association of employers, will be, and hereby is, dismissed; that the amended cross-complaint will be, and hereby is, dismissed; and that each of the parties hereto pay their own costs.